## Edward B. Smith vs. Rebecca E. Miller.

Argued July 12, 1894.   Affirmed Aug. 22, 1894.

No. 8858.

Findings supported by the evidence.

*Held*, in an action brought to recover for false and fraudulent representations said to have been made in an exchange of properties, that the findings of fact on which judgment was ordered in favor of defendant were supported by the evidence.

Ruling excluding evidence offered.

A certain ruling of the court, by which plaintiff was prevented from introducing certain evidence, considered and disposed of.

Appeal by plaintiff, Edward B. Smith, from a judgment of the District Court of Ramsey County, *J. J. Egan*, J., entered February 5, 1894, that he is not entitled to any relief in this action.

Defendant, Rebecca E. Miller of Alleghany City, Pa., on January 22, 1893, owned the Albion apartment house on Selby avenue in St. Paul subject to a mortgage to the St. Paul Trust Company securing negotiable bonds to the amount of $150,000 bearing interest at six per cent a year.   With the steam plant in the basement for heating, operating elevators, and electric lighting she supplied light to adjacent customers between Summit and Dayton avenues.   She had a franchise from the city granting the privilege under conditions.   On that day her agent, A. K. Barnum, sold this property for her to plaintiff subject to the mortgage and received in exchange property in Buffalo, N. Y. and elsewhere, inventoried in the negotiations at $111,700, and cash and notes to the amount of $38,300.   Plaintiff on that day gave possession of his property and took possession of the Albion and carried on its business until February 27, 1893, when he tendered a reconveyance of it and demanded a reconveyance of his property and restoration of all that he had given in exchange.   He commenced this action March 25, 1893, claiming that defendant by her agent falsely represented that the annual income from the Albion property amounted to $28,653.20, and the annual expenses including interest on the mortgage, taxes and insurance did not exceed $17,500.   That

in fact the income was only $24,000 and the expenses were $25,000. That Barnum represented that bituminous coal could be used in operating the electric plant, but in fact by ordinance granting the franchise, anthracite only could be used. That plaintiff believed and relied on these and certain other false representations and was induced thereby to make the purchase. That defendant and her agent knew the falsity of the representations, but made them to deceive and defraud him and did thereby induce him to make the exchange. That the Albion was in fact worth nothing over the incumbrance and he asked judgment for $153,246.33, the value of his property, money and securities given for it. Defendant answered denying the fraud and false representations. The issues were tried and findings filed February 5, 1892, directing judgment for defendant. Judgment was entered without notice the same day. Plaintiff moved for a new trial on a case settled, signed and filed, but was denied. He appeals from the judgment.

*Horace G. Stone,* for appellant.

There was undisputed evidence that if plaintiff had known the true situation he would not have made the trade. *Martin* v. *Hill,* 41 Minn. 337; *MacLaren* v. *Cochran,* 44 Minn. 255.

It is not necessary that the false representations should have been the sole inducement to the trade. *Moline Milburn Co.* v. *Franklin,* 37 Minn. 137.

Although plaintiff did make numerous inquiries of others, he can recover. *Moline Milburn Co.* v. *Franklin,* 37 Minn. 137.

The law presumes that an owner knows his own property and bases his statements on actual knowledge. *Kiefer* v. *Rogers,* 19 Minn. 32; *Wise* v. *Fuller,* 29 N. J. Eq. 257.

The materiality of the representations is a question of law and not of fact. *Pennsylvania Ins. Co.* v. *Crane,* 134 Mass. 56.

Even though defendant made the representations on what he supposed trustworthy information, he is liable. *Kirkpatrick* v. *Reeves,* 121 Ind. 280; *Bullitt* v. *Farrar,* 42 Minn. 8; *Merriam* v. *Pine City Lumber Co.,* 23 Minn. 314; *Martin* v. *Hill,* 41 Minn. 337; *Cabot* v. *Christie,* 42 Vt. 121; *Chatham Furnace Co.* v. *Moffatt,* 147 Mass. 404; *Kelly* v. *Rogers,* 21 Minn. 146.

Plaintiff had the right to rely on defendant's statement as to the electric ordinance, even though he would have ascertained its falsity by examining the public records. *Porter* v. *Fletcher*, 25 Minn. 493; *Olson* v. *Orton*, 28 Minn. 36; *Marshall* v. *Gillman*, 52 Minn. 88; *Kiefer* v. *Rogers*, 19 Minn. 32.

Plaintiff may recover even though lacking in ordinary business prudence. *Erickson* v. *Fisher*, 51 Minn. 300; *C. Aultman & Co.* v. *Olson*, 34 Minn. 450; *Mead* v. *Bunn*, 32 N. Y. 275.

A purchaser need not suspect other statements to be false because he discovers one to be false. *Peterson* v. *Chicago, M. & St. P. Ry. Co.*, 38 Minn. 511; *Claflin* v. *Commonwealth Ins. Co.*, 110 U. S. 95.

Representations as to the present and past income are material. *Philips* v. *Conklin*, 58 N. Y. 682; *Markel* v. *Moudy*, 11 Neb. 213.

Misrepresentations as to rent are material and actionable. *Crosland* v. *Hall*, 33 N. J. Eq. 111; *Busterud* v. *Farrington*, 36 Minn. 320; *Brown* v. *Castles*, 11 Cush. 348.

The lower court certainly erred in either excluding plaintiff's evidence in rebuttal on the ground that there was nothing to rebut, or in finding afterwards that there was something to rebut.

*Henry C. James*, for respondent.

Alleged errors in matters, rulings and proceedings of the court after judgment is entered, are not reviewable on appeal from the judgment. 1878 G. S. ch. 86, § 8, subd. 6. *Lewis* v. *Greider*, 51 N. Y. 231; *Selden* v. *Delaware & H. C. Co.*, 29 N. Y. 634; *Cord* v. *Southwell*, 15 Wis. 211; *Remington* v. *Willard*, 15 Wis. 583; *German Mut. F. Fire Ins. Co.* v. *Decker*, 74 Wis. 556; *Eaglesfield* v. *Marquis of Londonderry*, 4 Ch. Div. 693.

Only two of the alleged errors can be considered here. *First,* was there any error committed at the trial in the admission or rejection of evidence. *Second,* are the findings justified by the evidence. The question asked in rebuttal was not limited to rebuttal, and was therefore entirely within the discretion of the court. *Plummer* v. *Mold*, 22 Minn. 15. Moreover, the court's refusal to allow the question was based upon the rulings the plaintiff's counsel caused in rejecting defendant's offers.

The findings of the court below upon a question of fact are of equal weight with the verdict of a jury and will not be disturbed if there is reasonable evidence to sustain them. *Dixon* v. *Merritt,* 6 Minn. 160. Was there then any portion of the findings not fairly supported by the evidence?

Here follows a detailed statement and discussion of evidence in support of each finding of fact. [Rep.

The sole questions presented here are questions of fact which it was for the court below to determine upon the evidence. Some of the cases cited by opposing counsel are pertinent upon this point. *Haight* v. *Hayt,* 19 N. Y. 464.

COLLINS, J. The plaintiff and defendant exchanged properties, the former receiving what is known as the "Albion Apartment House," in the city of St. Paul, and an electric light franchise and plant connected therewith. Claiming that false and fraudulent representations had been made respecting the above-mentioned property, and which caused him to make an exchange, plaintiff tendered back that conveyed to him, and demanded the restoration of that with which he had parted. Upon refusal by defendant, he brought this action to recover the value of the latter. A trial by the court resulted in findings of fact with conclusions of law in defendant's favor, and from a judgment entered thereon this appeal was taken, a case having been duly settled and allowed.

We have gone over the very lengthy record with care, and cannot agree with plaintiff's counsel in his claim that the allegations of the complaint respecting the fraud and misrepresentation of defendant's agent, when procuring the exchange of properties, were conclusively established, and that by the evidence it was shown beyond a doubt that the transaction was an "outrageous swindle" on his client. That the testimony, outside of the written instruments, was very contradictory, is apparent; but without going into useless details, and at the same time carefully avoiding any expression of opinion on the merits, as disclosed by the proofs, we do not hesitate in saying that the findings of fact in defendant's favor were at least supported by the evidence. None of them can be set aside on the ground that they are without evidence to sustain them; and this remark refers to the findings concerning the representations said to have been made re-

specting the electric light ordinance, as well as those bearing upon the real property.

By the second assignment of error the plaintiff's counsel attacks a ruling of the court on the trial, whereby there was excluded an answer to a certain question put to his client when examining him in rebuttal, and it is this ruling which we are now to consider.

During the cross-examination of the plaintiff as a witness in his own behalf, defendant's counsel attempted and offered to show that, in respect to some matters concerning which the former claimed there had been fraud and false representations, he (plaintiff) had been fully and correctly informed by other persons before the trade was consummated. To this class of testimony, plaintiff's counsel objected, solely upon the ground that it was incompetent, irrelevant, and immaterial, and the objection was sustained by the court. When plaintiff was called in rebuttal he was asked by his attorney: "Did you ever ascertain in any way, either by investigation or otherwise, any facts which either showed that any of these statements in Exhibits A and C were false, or which led you to believe they were false? And, if so, state what the facts were." The objection made by defendant's counsel, and sustained by the court,—and it is this ruling which is challenged by the second assignment of error,—was that it was incompetent, irrelevant, immaterial, and not rebuttal. It was as to plaintiff's correct information concerning some of the statements found in these exhibits, before he made the trade, about which defendant's counsel attempted to inquire on cross-examination, and was prevented by objections from plaintiff's counsel, sustained by the court. In other words, defendant's counsel was first prevented from showing that the plaintiff did have full and accurate information before he exchanged properties as to certain facts, regarding which he insisted there was fraud and misrepresentation, and then plaintiff's counsel was stopped in an effort to show, by an answer to a general question, that his client had no such information from any source. It would be difficult to suggest why, if the first ruling, made when plaintiff's attorney objected, was correct, the second, resulting from the opposing counsel's objection, was not also correct.

But the correctness of the later ruling does not depend upon the fact that these rulings were strictly consistent and hence plaintiff is not in position to take this advantage of such a condition. As before

stated, the question was asked when the plaintiff was called in rebuttal, but it was as broad and general as it could have been made. It was not a proper question to ask at that time. It was not in rebuttal, and for this reason, if there was no other, the court was justified in excluding an answer. Again, the plaintiff had already been questioned as to any information which defendant had attempted to show he had when the trade was completed, as to the falsity of certain alleged statements, and had fully answered.

In sustaining this objection the court remarked that he thought there was no evidence in the case of any communications to the plaintiff, except those made to him by a certain named witness. We think the court was in error when making this remark, but whether he was or was not did not affect the correctness of his ruling on the objection as made. The assignments need no further consideration. Judgment affirmed.

BUCK, J., absent, sick, took no part.

(Opinion published 59 N. W. 1076.)

Application for reargument denied October 9, 1894.